UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS C. BARRY,

                                    Plaintiff,

                                                                          DECISION AND ORDER

                                                                          09-CV-6672L

                                    v.

CARESTREAM HEALTH, INC. WELFARE
BENEFIT PLAN,
CARESTREAM HEALTH, INC. CARESTREAM
HEALTH BENEFITS COMMITTEE,
PLAN ADMINISTRATOR,

                                     Defendants.
_____

Plaintiff Thomas C. Barry brings this action under the Employee Retirement Insurance Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Plaintiff, a former employee of Carestream Health, Inc. ("Carestream"), has sued the Carestream Health, Inc. Welfare Benefit Plan ("Plan") and the Carestream Health, Inc. Carestream Health Benefits Committee ("Committee"), seeking benefits under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3). Defendants have moved to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), and for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff, a citizen and resident of Maryland, alleges that he was terminated from his employment in December 2008, as part of a reduction in force at Carestream. He applied for benefits under Carestream's Termination Allowance Plan ("TAP"), which was a component of the Plan providing for certain benefits to qualifying employees upon their termination.

In March 2009, plaintiff's request for TAP benefits was denied, on the ground that plaintiff did not qualify because he had purportedly been terminated for poor performance. Disputing that proffered reason for his termination, plaintiff filed an internal administrative appeal, which was denied.

Plaintiff filed the complaint in this action on December 30, 2009. Below the names of the Plan and the Committee in the caption of the complaint, the complaint states:

SERVE ON:

> Corporation Service Company
> 80 State Street
> Albany, New York, 12207-2543
> Registered Agent

Defendants have also submitted a copy of a Notice of Service of Process, Def. Ex. C (Dkt. #6-6), indicating that plaintiff served a copy of the summons and complaint on Corporation Service Company ("CSC"), as agent for Carestream, on April 20, 2010.

## DISCUSSION

Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1), provides in part that

> [a]n employee benefit plan may sue or be sued under this subchapter as an entity. Service of summons, subpoena, or other legal process of a court upon a trustee or an administrator

of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan. In a case where a plan has not designated in the summary plan description of the plan an individual as agent for the service of legal process, service upon the Secretary shall constitute such service.

In the case at bar, the Summary Plan Description ("SPD") names the "Carestream Health Benefits Committee" as the plan administrator, and as the designated agent for service of process. Def. Ex. B (Dkt. #6-3) at 18. The plan administrator's address is given as "Carestream Health, Inc., 150 Verona Street, Rochester, New York 14608." *Id.*

In support of their motion to dismiss, defendants contend that plaintiff was required to serve the Plan administrator, and that he has failed to do so. Defendants also contend that service on CSC, as agent for Carestream, is ineffective because Carestream is the plan sponsor, not the plan administrator.

In response, plaintiffs note that Carestream's Verona Street address is given in the SPD as the address for the plan administrator, and that the New York State Department of State's website lists CSC as Carestream's registered agent for service of process. That website contains no listing for the Committee, nor does the SPD identify any individual as authorized to accept service on behalf of the Committee. Plaintiff argues that defendants, having failed to provide him with information about where or upon whom service should be effected, should not be heard to complain of ineffective service. If the Court does find ineffective service, plaintiff requests that he be granted leave to re-serve after defendants reveal an individual member of the Committee who can be served.

In their reply, defendants contend that ERISA does not require them to identify a particular individual as agent for service, and that they may properly name the administrator, *i.e.*, the

Committee, as such agent. They also argue that plaintiff has not provided any basis for his request for leave to serve the summons again.

While there appears to be little case law in this area, a district court from within this circuit has denied a Rule 12(b)(5) motion to dismiss by a pension fund and its trustees, where service was accepted by a receptionist at the fund's offices, but the defendants "clearly ... received notice of the suit." *Aronoff v. Service Employees Local 32-BJ AFL-CIO*, No. 02 Civ. 5386, 2003 WL 1900832, at *2 (S.D.N.Y. Apr. 16, 2003).

In support of that ruling, the court noted that "the language of the ERISA [governing service] statute is not mandatory, but permissive," that "service *may* be performed [as provided in the statute], but the statute suggests that it may also be done another way," and that other "[c]ourts have noted that 'potential ERISA plaintiff[s] [are] granted ... liberal service of process rules' in order to promote access to the federal courts." *Id.* (quoting *Bonin v. American Airlines, Inc.*, 621 F.2d 635, 636 (5th Cir. 1980)). The court added that "[i]n one of the only cases to consider such a motion, ... service upon someone other than a trustee or administrator of the plan has been held sufficient where notice was clearly received." 2003 WL 1900832, at *2 (citing *Turner v. CF & I Steel Corp.*, 510 F.Supp. 537, 544 (E.D.Pa. 1981)). *See Ivy v. Ferranti Int'l, Inc.*, Civ. A. No. 90-2535, 1990 WL 121508, at *3-*4 (E.D.Pa. Aug. 15, 1990) (ERISA plan was properly served, where summons and complaint were delivered to director of human resources for employer that sponsored plan, since no designated plan administrator existed at time suit was filed).

I agree with the reasoning of *Aronoff*, and I adopt it here. Given the SPD's listing of Carestream's name and street address for the plan administrator, the designation of CSC as the agent for service of process on Carestream, and the Plan's and the Committee's obvious actual notice of

this lawsuit, I find that plaintiff has effected service on defendants. *See* Fed. R. Civ. P. 4(h)(B) (corporation may be served "by delivering a copy of the summons and of the complaint to ... any ... agent authorized by appointment or by law to receive service of process"). It would serve no useful purpose, and would certainly not further the purposes of ERISA to dismiss the complaint for improper service under these circumstances. *See Bird v. Shearson Lehman/American Exp., Inc.*, 871 F.2d 292, 297 (2d Cir. 1989) (noting "ERISA's liberal provisions governing service of process"), *vacated on other grounds*, 493 U.S. 884 (1989). Defendants' motion to dismiss is therefore denied.

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #4) is denied, and defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 14, 2010.